two-and-half, sorry, two-and-a-half, no the intention of what I just gave you is to do something  and this will include it maybe. we made multiple contacts after that in fact when the petitioner was picked up sometime in the morning of June 12th at about 7, 8 o'clock where he voluntarily surrendered to ICE it was a prank ICE knew he was represented they brought him back to Portland they proceeded to question him sometime around noon Mr. Ginsberg contacted him ICE contact the ICE agents to find out what had happened the court may be aware about professional courtesy in criminal settings when somebody is charged the attorney works it out where the person deters themselves or they make him available for the person to be picked up everything seemed to be going okay here except on June 12th unbeknownst to Mr. Ginsberg ICE decided to go through this thorough proceeding which the court has seen at times which is an illegal re-entry case under that statute the ICE agent is the arresting officer is the judge is the prosecutor and is the interpreter and I suppose a really poor defense lawyer because as part of the proceeding the ICE agent has to determine if there is any release here available for the person let me ask you this if counsel had been present at the moment you say your client was denied his right to counsel what could have been done that would have resulted in some kind of a difference exactly as it happened in this Sen. Serra's case he had a pending new visa he would have argued that because of the pending new visa that this should halt proceedings now how do you do that? I know that the dissenting opinion in the Rodriguez case and of course the government is arguing that there should have been a stay a stay should have been filed that was done in fact the dissenting judge would be happy to hear that in our case that had happened I guess I'll be more precise in my question as I understand it you're complaining about the unavailability of counsel at a particular moment in time namely on June 12th within hours X to Y correct so the requesting of the stay that is something that the lawyer could have done the next day the next week, the next month it's not like the opportunity asked for that stay was lost on June 12th between hours X and Y when counsel wasn't available so I don't see how that could be the if that's what you're hanging your hat on in terms of the harm that was done to your client  I'm just saying that that was done the reason I have raised that with the court the reason we have filed the denials of the stay so the court has a better picture unfortunately in filed proceedings nothing is recorded it's very limited we have to take the word of the ICE officers preparing us what is important is the petitioner here specifically said I'd rather not answer any questions until my lawyer is here so if he returns and he didn't he didn't give a formal statement well what's indicated in the notice of the intent to remove is that he admitted the charges yes I just have a question when we're talking about the time period between X and Y X being the analyte Y being the pharaoh here was 26 minutes just about so we're talking about 26 minutes to invoke a right to counsel that is protected by the Fifth Amendment due process by statute and two CFRs before the pharaoh and then when the person says yes I want right to counsel I don't want to make any statements it's used against him as if he's not opposing the removability sort of in a criminal case if the defendant is arrested and the police say do you have a right to an attorney or do you want to talk to us he says no I want to actually invoke my right to an attorney and so that the cops say oh so you're not denying that you're guilty and that's the effect exactly and here I think the problem that I see is that in the case law we have two different kinds of cases we have the 1229 cases in front of immigration it's clear there with Lopez that no prejudice is required but in a 1228 case I think that's what the government is saying is that prejudice is required I don't know why that would be I've done many cases where the Ninth Circuit warns and threatens that the distinction made in that particular case being reviewed is that it's not a right to counsel case because if it were prejudice would be presumed because it's such a critical and fundamental, these are the words from the cases right that no prejudice need be shown that's correct and if we were to look at the Rodriguez decision and how they evaluated that far over in effect they found that far over it was illegal it was a violation of the individual's due process right when the person when the ICE officer said well the lawyer can't do anything in that case the court found that she had relief available and relief only has to be plausible plausibility is defined in possibility so it is correct that the U visa that was filed here was denied but that has been appealed that means it's still possible so I would say that the Rodriguez case gives this court the power the background to you're saying either way because prejudice either isn't presumed or whether prejudice is presumed, prejudice is not necessary because it's a right to counsel or if it is necessary then you're saying that it's been demonstrated correct your honor so that's what I don't get does issuance of the final administrative order of removal yes I love these acronyms does issuance of that does FARO preclude does issuance of that FARO somehow prejudice the merits of the U visa application of course your honor it's a removal order it's a negative mark that somebody's been ordered to remove from the country so I can't imagine that that would not be an issue so you're saying when the agency looks at the merits of the U visa application the fact that FARO had been issued already is somehow a negative determinant they look at the totality of the person's record so I would say that because let me back up and talk about the U visa process so when you apply for a U visa you also have to file a waiver and that waiver is waiver of inadmissibility for different reasons that you might not be eligible for the U visa one of them would be that you've been ordered deported so in fact you have to ask the USCIS to forgive you or waive that ground of inadmissibility which is FARO or a regular removal order entered by IJ or affirmed by the PIA so it has to be waived before a U visa petition can be granted in fact you have to list it as a ground of inadmissibility I guess I'm not following so why does that prejudice the merits of the it's one more negative point against the U visa applicant that the U visa applicant has to overcome before USCIS it's a new burden that the petitioner has to overcome that would not have been there if the FARO hadn't already been issued correct and in the Rodriguez case they even talk about Ms. Rodriguez's U visa application was rejected there was no discussion that in that case it was ever appealed and the court said in that case that didn't matter they're looking at the snapshot of what happened on that day and how the removal order or the FARO order I'm sorry Ms. FARO affected her case before USCIS and the U visa petition and of course a legal re-entry conviction was one more negative point that she had to overcome so what would be the effect of our granting your client's petition for review now what would happen just like in the Rodriguez case in a sense that the FARO order is set aside if the government wishes to proceed under normal removal proceedings because the FARO order is illegal I suppose they can do that I'm not the prosecutor I don't want to tell them what to do but I'm trying to figure out how does it help your client he can release your order if we order the FARO order to be vacated then the immigration proceedings start over again and the department could decide whether to proceed under 1229 under an immigration judge or go back to doing 1228 and not have DHS but with petitioner having counsel have counsel and the U visa petition is not that judge so at that point the ICE officer if they choose to go FARO or regular proceeding not outlawed by the U visa petition yes it was denied but it's pending so it will have to be calculated in their discretionary decision whether to go regular removal proceedings or go FARO if it goes regular removal proceedings immigration judges routinely one of the first things they ask at the first hearing is are you a victim of a crime do you have a pending U visa petition and they're not asking that just because they're asking that because the BIM mandates that there is some prima facie eligibility for a U visa they have to continue the case 1228 proceeding isn't recorded so there's no indication that officer Elizabeth Godfrey ever asked the petitioner the petitioner ever had an opportunity to say but I have a pending U visa for your petitioner the other thing is if the government chooses to go the FARO route which is quick then they should comply with the regulatory scheme and the statute and they get it you're over your time we'll give you a couple minutes from the government good morning your honors may it please the court Leslie McKay for the Attorney General your honors in this case Mr. Gomez is required to establish both error which he has not done the record reflects that the proceedings were procedurally regular at the whole stretch of those proceedings before these he's also required to show prejudice which he has not done at the end of the day he is an admitted aggravated felon and he is continuing to pursue the only form of relief for which he remains eligible and the only form of relief he's told the court he really wants so not only is there no basis upon which to grant the petition for review there's really no meaningful relief that the court can grant to Mr. Gomez at this time the existence of the FARO has no relation to the continued processing of his U visa which is now pending appeal you can respond to your opponent's argument that actually the issuance of that FARO does prejudice the consideration of the merits of the U visa application I don't have any evidence of that in this case and the denial notice of the U visa that I filed which is outside the record but I thought relevant for the court's consideration certainly doesn't reflect that the FARO had anything to do with the discretionary waiver denial and I think that's a really important distinction from Cisneros where I think the panel was very concerned at this affirmative misleading advice that the ICE officer had given to Ms. Cisneros had set in motion a chain of events she signed an affirmative waiver of counsel which did not happen here she waived both the 10 day response period and the 14 day execution period which did not happen here she was removed the very next day which has not happened here she that misadvice caused that removal I think in the panel's mind in Cisneros she then illegally re-entered so by the time she gets an attorney and files the U visa it's not just the FARO I think that the panel was concerned about it's the illegal re-entry which subjected her to criminal prosecution and I think the fact that Cisneros is a 1326 case the release that the court was able to provide her in that case wasn't just setting aside the FARO it was vacating the indictment she was no longer subject to that conviction here if you vacate the FARO Mr. Gomez is in exactly the same position that he's in right now he's an aggravated felon he's never challenged that the law supports that finding and he's pursuing his U visa before USCIS he can still have a U visa even if he's an aggravated felon but I want to go back to why do you think that prejudice needs to be shown I think you cited to the Dent case well I think prejudice needs to be shown because there's the record here doesn't reflect that he had counsel before ICE the record clearly reflects that Mr. Ginsberg represented him before USCIS in connection with the U visa but the regulations at ACFR 292.4 require attorneys to submit a form G28 with each agency that they want to appear in front of and they're required to tell the agency for what purpose they're appearing so until that G28 is filed you're talking about whether or not he had counsel before I'm talking about once he's told that there's a notice of intent to file a FARO he has a right to counsel correct he does and he was advised of that right but he wasn't given the opportunity to actually talk to the attorney before the hearing so you're saying prejudice needs to be shown now and you cited to Dent so I was confused by that so I went back to the case that Dent cited and then the case that that case cited and got back to why would you need prejudice and found U.S. v. Serda Pena 1986 published opinion by the 9th circuit that says in footnote 3 while recognizing that outright refusal to allow an alien the opportunity to obtain representation may be such an egregious violation of due process so as to not require any further showing of prejudice this court believes that an immigration judge's failure adequately to apprise an alien of his or her right to representation should only invalidate the deportation of actual prejudice as shown and then I went back to that citing to Rankle and then I looked up Rankle and it kept going backwards there's constantly been a distinction made by the 9th circuit has it not between a right to counsel and all these other due process rights yet right to counsel rises higher you're absolutely correct about that but I think what's important to understand is that this process Mr. Gomez says he had minutes and he should have had days and what the record shows when you really dig into it is that he had hours the first page of the I-213 which I believe is at page 10 of the DHS record, about two thirds of the way down on the left, the officer has initialed and dated to say that Mr. Gomez was advised of his communications privileges that includes his right to make a phone call, his counselor notification form which encompasses both his right to contact the McSAN consulate and his opportunity to ask DHS to contact the consulate on his behalf he was provided with a list of three legal service providers he was provided with a list of or a warning about representation by a notario, so all of that would have come in those hours in advance of this 26 minute or 30 minute period that we're talking about the actual, that very limited period of the administrative removal proceedings, but there's hours in advance of that his arrest was sometime between 8 and 10 in the morning I think the warrant of arrest was served at 10am so in those hours ICE agents are going through their process and the record really does show if you look at these documents that they were executed in a very regular manner there's nothing that shows that they were rushing, there's nothing that he didn't have these opportunities that were provided to him and I think in practice didn't the form show that he refused to sign the NOI and that instead he had booked his right to speak to counsel? that's what the officer actually wrote it says that he, the NOI says that he refused to sign acknowledging that he and then the officer checks the box I do not wish to contest and or request withholding or removal and then the officer checks the box saying I admit the allegations and charge in the notice of intent I admit that I am deportable and acknowledge that I am not eligible for any form of relief I waive my right to rebut and contest the above charges I do not wish to request withholding or deferral or removal, I wish to be removed too and then they check the box it says Mexico and and then and then they write in the fact that he is requesting counsel I'm sorry I don't see where they write in that he's requesting counsel it's on the record of sworn statement page 15 is that what you're maybe referring to? he said he would prefer not to answer those questions on the sworn statement until he talks to his attorney so that sworn statement is part of this initial process that comes about before the service of the NOI so once the NOI is served that's when his rights are explained to him again in sort of these limited proceedings but by that point they've already told him that he can contact an attorney that he has a right to make a phone call I can't, I don't know if he did make a phone call I don't know I do know that it's quite common and I think this is a classic case where this happens that certain aliens have attorneys representing them in very limited matters and it appears quite clearly that he has one attorney handling his new visa and everything ancillary to that and he has another attorney who's handling the enforcement side before EIR and ICE Counsel, the Montes Lopez case as I read it is not a good case for your argument today can you explain why either I'm wrong that it's a good case for you or why I should worry about it I don't think it's a good case your honor I think it's a different case and I think it's different on the facts and the reason is because by the time by the time that immigration judge sort of went through that long call with Montes he'd already had I think one and maybe two attorneys enter an appearance on a form EIR 27 enter their appearance and maybe appear in person I think it was his third attorney who had then been disciplined but had already entered an appearance so was appearing as counsel for that person in those proceedings and the immigration judge knew that here what the ICE agents knew at the time of the Faro was that this person, Mr. Gomez had an attorney representing him before an entirely different agency within DHS there's no G28 they did not know and he did not have an attorney representing him before ICE I see that my time is up. Are there additional questions that you'd like me to answer? I don't think so Thank you so much Let's give counsel for the petition your honor I'm going over the court was asking whether or not the arrest by ICE and the Faro had any bearing on the decision of USCIS to deny the waiver it's included in here your honor in fact in the section where they talk about the offenses or the activating factors the last one is arrested by immigration customs in Oregon for deportable alien in June of 2014 so it's there on page two and then when you go on to the discussion of the denial they also say you were then arrested in June of 2014 by ICE and remain in custody for a year awaiting removal from the United States it's in there Judge it's not cited as a crime for denying pardon me it's not cited as a reason for denying it's certainly a negative factor that's there your honor but for Faro that's something that would not be here it's hard for me to sit here and say I'm going to second guess the USC officer who denied the waiver but reason would say that it is a negative factor that if it's not there it's something that he wouldn't have to overcome it would not be a negative it's a plausible prejudice correct thank you thank you very much
judges: Watford, Owens, Navarro